## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ALLEN SHADDEN,**

**Petitioner,**

**v.**                                                          **CASE NO. 19-3270-SAC**

**STATE OF KANSAS,**

**Respondent.**

### NOTICE AND ORDER TO SHOW CAUSE

The case comes before the Court on petitioner Christopher Allen Shadden's petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is a state prisoner currently incarcerated at the Jackson County Jail in Holton, Kansas.  He proceeds pro se and seeks leave to proceed in forma pauperis.  The Court finds that Petitioner has failed to exhaust his state remedies.  Moreover, the petition was filed out of time.  The petition is therefore subject to dismissal.

**Background**

On February 7, 2014, Petitioner pled no contest in Crawford County District Court to one count of aggravated battery.  He then absconded, missing his sentencing hearing.  Petitioner was arrested on a bench warrant, and on February 25, 2015, he was sentenced to 162 months of imprisonment and 36 months post-release supervision.  Mr. Shadden appealed his conviction, and the Kansas Court of Appeals affirmed on April 29, 2016.

Petitioner did not appeal further and has not sought post-conviction relief in state court.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

**A.  Exhaustion**

A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019).  "A claim is exhausted only after it has been fairly presented to the state court."  *Pavatt*, 928 F.3d at 923 (*quoting Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)).  Petitioner bears the burden of showing exhaustion.  *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

It appears that Petitioner has not raised the issues he raises here in the state courts.  Mr. Shadden lists two grounds for his petition: (1) the district court lacked jurisdiction because the car crash forming the basis of the charge occurred in Missouri; and (2) the prosecutor engaged in misconduct by withholding evidence, including medical records of the victim showing his injuries were from the car wreck, the crash report, and statements from the responding paramedics.  ECF No. 1 at 5-6.  Mr. Shadden states in his petition that he did not raise the issues in his direct appeal because he did not have the supporting documents until later.  ECF No. 1 at 6-7.

According to the unpublished opinion issued by the Kansas Court of Appeals in Petitioner's direct appeal of his conviction, the issues Mr. Shadden raised on appeal were: (1) whether the district court erred when it denied Petitioner's motion to continue the sentencing hearing, and (2) whether the district court unconstitutionally used his prior juvenile adjudications and adult convictions to elevate his presumptive prison sentence. *State v. Shadden*, Case No. 15-113701 (Kan. App. April 29, 2016). Hence, Mr. Shadden has not "fairly presented" the claims he raises here to the Kansas state courts.

Consequently, the Court directs Petitioner to show cause why this action should not be summarily dismissed without prejudice for failure to exhaust his state remedies.

**B. Timeliness**

A prisoner in state custody has one year to file a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

The allegations contained in Mr. Shadden's petition do not appear to support the use of any date later than the date Petitioner's conviction became final for calculating the limitation period. Because Petitioner did not appeal to the Kansas Supreme Court, his conviction became final when the time for seeking review with the Kansas Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Therefore, Petitioner's conviction became final on May 29, 2016, and the one-year limitations period for filing a § 2254 petition began to run the next day, expiring on May 29, 2017. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

Petitioner filed this action on December 30, 2019, more than three years after his conviction became final on May 29, 2016. Petitioner's § 2254 petition is untimely and is subject to dismissal.

**Motion for Leave to Proceed in forma pauperis (ECF No. 3)**

Petitioner has filed a motion requesting leave to proceed in forma pauperis. However, he had paid the filing fee. Therefore, the motion is denied as moot.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **June 19, 2020**, to show cause why this matter should not be dismissed as barred by the exhaustion requirement and the statute of limitations. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 3) is **denied** as moot.

**IT IS SO ORDERED.**

**DATED: This 19th day of May, 2020, at Topeka, Kansas.**

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
