IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ALLEN SHADDEN,**

**Petitioner,**

v.                                                                                           CASE NO. 19-3270-SAC

**STATE OF KANSAS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF Doc. 1.) Petitioner, a state prisoner currently incarcerated at the Jackson County Jail in Holton, Kansas, proceeds pro se. On May 19, 2020, this Court directed Petitioner to show cause why this matter should not be dismissed as barred by the exhaustion requirement of 28 U.S.C. § 2254(b)(1) and the statute of limitations provided in 28 U.S.C. § 2244(d)(1). Petitioner filed a timely response to the show cause order (ECF No. 5).

In his response, Mr. Shadden does not directly address his failure to exhaust state remedies or his failure to file his petition within the statute of limitations. His 107-page response consists entirely of documents related to the merits of his petition. As a result, Petitioner has failed to show good cause why his petition should not be dismissed.

This Court cannot rule out the possibility that the Kansas courts would entertain Petitioner's claims, even at this late date. K.S.A. 60-1507 provides that a prisoner may file a motion in the court which imposed his sentence asking that court to "vacate, set aside or correct

1

the sentence," where the prisoner claims the right to be released due to a constitutional violation or lack of jurisdiction, among other reasons. K.S.A. 60-1507(a). While there is also a one-year time limitation under K.S.A. 60-1507, the state district court may extend that time where necessary to prevent manifest injustice. K.S.A. 60-1507(f)(1) and (2). Thus, it is appropriate that this petition be dismissed without prejudice to allow Petitioner to attempt to exhaust his state remedies. *See Anderson v. Bruce,* 28 F. App'x 786, 788 (10th Cir. 2001).

Rule 11 of the Rules Governing Section 2254 Cases requires a federal district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED.**

DATED: This 30th day of June, 2020, at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
**U.S. Senior District Judge**

2